

# IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| **(1) VICTOR VELAZQUEZ, an individual,** | ) |
| **Plaintiff,** | ) CJ-2014-04425 |
| | ) CASE NO. _____ |
| **v.** | ) |
| | ) JONATHAN CANTRELL DISTRICT COURT |
| **(2) HELMERICH & PAYNE** | ) **F I L E D** |
| **INTERNATIONAL DRILLING CO., a** | ) |
| **domestic for-profit corporation,** | ) NOV 17 2014 |
| | ) **JURY TRIAL DEMANDED** |
| **Defendant.** | ) **ATTORNEY LIEN CLAIMED** SALLY HOWE SMITH, COURT CLERK |
| | STATE OF OKLA. TULSA COUNTY |

## PETITION

**COMES NOW** the Plaintiff Victor Velazquez and for his Causes of Action against Defendant Helmerich & Payne International Drilling Co. states as follows:

1.      Victor Velazquez ("Plaintiff") is an individual residing in Tulsa County, State of Oklahoma.

2.      Helmerich & Payne International Drilling Co. ("Defendant" or "Helmerich & Payne") is a corporation organized under the laws of the State of Delaware, and conducting business in Tulsa County, State of Oklahoma.

3.      The events giving rise to this civil action took place in Tulsa County, State of Oklahoma.

4.      Personal jurisdiction is appropriate under 12 O.S. § 2004(f) and venue is properly laid according to 12 O.S. § 133.

5.      The Plaintiff timely submitted his Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination and retaliation in violation of the Title VII, and was issued a Dismissal and Notice of Suit Rights on October 23, 2014. **Exhibit 1**.

## FACTS PERTINENT TO ALL CLAIMS

6.      Defendant is an "employer" as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq.* ("Title VII"), as the Defendant employed more than fifteen (15) people for the statutorily required period.

7.      The Plaintiff was an "employee" of Defendant as defined by Title VII, as he was employed by Defendant. There are no applicable exemptions.

8.      The Plaintiff is a member of a protective class, as he is a Mexican citizen who now lives and works in the United States.

9.      The Plaintiff was hired by Helmerich & Payne in January 2010 as a welder at the starting hourly pay rate of $22.00. At the time he was hired, the Floor Manager told the Plaintiff he would soon be promoted to a lead man, which is a supervisory position with an hourly pay rate of $25.00. Persons employed as a "lead man" are more likely to being promoted to other supervisory or managerial positions at Helmerich & Payne with even higher hourly pay rates and/or salary.

10.     The Floor Manager who hired Plaintiff soon after left Helmerich & Payne, and was replaced by Jim Austin ("Austin").

11.     Plaintiff repeatedly asked Austin what he needed to do to be promoted to lead man, but was told by Austin to "wait". Subsequent Floor Managers, including Dwayne Garland ("Garland") and Tim Owens ("Owens") both told the Plaintiff that if he wanted promotion he would just have to wait.

12.     At no time did Helmerich & Payne supervisors inform the Plaintiff what he could do to improve his opportunity for promotion, or otherwise provide the Plaintiff any guidance on how he could improve his employment reputation at Helmerich & Payne to earn promotion.

2

13.     Over the period of his employment with Helmerich & Payne, the Plaintiff observed Caucasian employees with less skill, experience and seniority promoted ahead of him while he "waited". Helmerich & Payne's discriminatory treatment was not limited to Plaintiff as other Hispanic employees were likewise passed over for promotion in favor of Caucasians.

14.     Frustrated with the lack of information from his supervisors, Plaintiff went directly to Plant Manager, Venkat Talladivedula ("Venkat"), and requested promotion and how he could get promoted. Consistent with the floor managers and other Helmerich & Payne supervisors, Venkat told Plaintiff there was nothing he could do but wait.

15.     While he was being refused promotion at Helmerich & Payne, the Plaintiff was subjected to racist taunts and attacks with impunity from other Helmerich & Payne employees, such as being told not to "get his back wet again" as he walked by puddles of water.  Plaintiff reported these discriminatory events to Austin and to Helmerich & Payne's Human Resources department, but nothing was done to prevent such offensive actions by other employees.  In fact, one such employee was promoted around Plaintiff and become his lead man, Terry Wells ("Wells").

16.     The Plaintiff was subjected to violent and dehumanizing treatment by Wells in that Wells threw pieces of scrap metal at the Plaintiff. More despicably, taking a page from the Antebellum South Wells attempted to coerce and/or coordinate a fistfight between the Plaintiff and another African American Helmerich & Payne employee for his personal amusement.

17.     Wells brazenly flaunted his own racism to Plaintiff by telling him he would never be promoted at Helmerich & Payne because he was "Mexican". The Plaintiff complained to Wells that his comments were offensive, but these complaints were shrugged off by Wells.

18.     On another occasion, after the Plaintiff complained to Wells about his discriminatory treatment, Wells instructed another Helmerich & Payne employee to tape Plaintiff's mouth shut, which he did.  Attached as **Exhibit 2** to this Petition is a photograph of the Plaintiff with tape over his mouth.

19.     On Friday, January 10, 2014, Plaintiff made arrangements with Wells to leave work early to pick up his daughter from school. When the time came to leave, Wells refused to allow the Plaintiff to do so. Having no alternative other than to abandon his child, the Plaintiff left work to pick her up.

20.     Plaintiff returned to work the following Monday, January 13, 2014 at the normal time.  Owens and Wells approached Plaintiff and wanted to know why he left work early the previous work day. Plaintiff explained that he had permission to leave early but Wells arbitrarily and maliciously revoked it.

21.     Owens disregarded Plaintiff's explanation and told Plaintiff to follow Wells' instructions no matter what.  Plaintiff told both men that he was going to discuss the matter with Helmerich & Payne's human resources, at which point Owens told Plaintiff to go home because Plaintiff was "too angry".

22.     As Plaintiff was leaving, Wells followed a few steps behind Plaintiff, taunting him.  After Plaintiff left, Wells went to Owens and claimed Plaintiff had threatened him with violence.

23.     When Plaintiff next returned to work on January 14, 2014, Owens informed him his employment was terminated because of alleged threats directed at Wells. Plaintiff denied the allegation.  Plaintiff told Owens that he was being mistreated and Plaintiff suggested he would

4

consider a lawsuit. Owens responded by telling Plaintiff "no one will believe you because you're Mexican."

24.     The Plaintiff was not subjected to any noteworthy discipline prior to the relevant times to this action.

## COUNT ONE: VIOLATION OF TITLE VII

For his First Count against the Defendant, the Plaintiff adopts and re-alleges all of his allegations above as if fully set forth herein; and he further alleges and states:

25.     Plaintiff was protected from discrimination based on race, color and national origin under Title VII.

26.     While employed by Defendant, Plaintiff complained of discriminatory treatment based on his race, color and national origin.

27.     Defendant terminated Plaintiff's employment on or about January 14, 2014.

28.     A motivating factor in the Defendant's adverse employment actions, including but not limited to termination, was Plaintiff's race, color, and national origin.

29.     As a result of Defendant's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to reputation.

30.     Defendant's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

## COUNT TWO:  VIOLATION OF 42 U.S.C. §1981

For his Second Count against the Defendant, the Plaintiff adopts and re-alleges all of his allegations above as if fully set forth herein; and he further alleges and states:

31.     Plaintiff is protected from employment discrimination by Defendant based upon his race and color and from retaliation under 42 U.S.C. § 1981.

32.     Defendant's adverse actions against Plaintiff were based upon his race, color, and national origin, and Plaintiff is entitled to all the remedies available under 42 U.S.C. §1981.

33.     Defendant's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

## COUNT THREE: VIOLATION OF TITLE VII AND 42 U.S.C. §1981--RETALIATION

For his Third Count against the Defendant, the Plaintiff adopts and re-alleges all of his allegations above as if fully set forth herein; and he further alleges and states:

34.     The Plaintiff engaged in a protected activity by timely and properly exercising his lawful rights to complain about workplace discrimination based upon his race and/or color.

35.     The Plaintiff suffered materially adverse consequences as a result of engaging in said protective activity that any reasonable employee would have found to be adverse. The Defendants further retaliated against Plaintiff in the manner described herein because he had engaged in conduct to secure rights guaranteed by Title VII and state law.

36.     The aforementioned retaliation adversely affected the terms, conditions and privileges of employment enjoyed by Plaintiff. There is a causal connection between the Plaintiff's aforementioned protective activity and the materially adverse actions taken by Helmerich & Payne.

37.     The Plaintiff sustained lost wages, loss employment-provided benefits, emotional distress, mental anguish, fear of the future, humiliation, and other compensable and pecuniary damages which are recoverable under the Title VII.

38.     The Defendant's actions were intentional, willful, wanton and malicious, entitling the Plaintiff to recover punitive damages from the Defendant.

### COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

For his Fourth Count against the Defendant, the Plaintiff adopts and re-alleges all of his allegations above as if fully set forth herein; and he further alleges and states:

39.     The Defendant's actions and conduct were intentional, reckless, extreme, and of an outrageous nature to the extent that it went beyond all normal bounds of decency such that it would be considered atrocious and intolerable in a civilized society.

40.     The Plaintiff suffered actual emotional distress due to the actions of the Defendant.

41.     The Defendant's actions were reckless, egregious and malicious to the extent the Plaintiff is entitled to punitive damages.

### COUNT FIVE: NEGLIGENCE

For his Fifth Count against the Defendant, the Plaintiff adopts and re-alleges all of his allegations above as if fully set forth herein; and he further alleges and states:

42.     The Defendant owed a legal duty to the Plaintiff to sufficiently and properly hire, train, supervise, monitor, and retain its employees in such a manner to not threaten, intimidate, create fear, or otherwise impose terror on their fellow employees such as the Plaintiff.

43.     The Defendant breached these duties, and others to be discovered upon the completion of discovery, by negligently failing to sufficiently and properly hire, train, supervise,

monitor, and retain its employees. Further, such failures resulted in the Defendant being unable to provide the Plaintiff a reasonably safe workplace.

44.     Independently or alternatively, the Defendant breached duties it owed the Plaintiff by negligently failing to follow proper policies and procedures, or by failing to adopt/enact the same, to protect employees such as the Plaintiff from harm inflicted by his coworkers.

45.     As a direct and proximate cause of the Defendants' breaches of its legal duties, the Plaintiff sustained damages.

46.     The Defendant's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

### SIXTH COUNT: VIOLATION OF OKLAHOMA'S ANTI-DISCRIMINATION ACT DISCRIMINATION AND RETALIATION

For his Sixth Cause of Action against the Defendant, the Plaintiff adopts and re-alleges all of his allegations above as if fully set forth herein; and he further alleges and states:

47.     The Plaintiff was deprived of his rights under Oklahoma law, in particular 25 O.S. §§1101, *et. seq.* (the "OADA"), and discriminated against by Helmerich & Payne on the basis of his race or color.

48.     The acts and omissions complained of throughout was motivated in full or in part by discrimination, which is contrary to the OADA.

49.     In treating the Plaintiff differently because of his race or color than other employees that did not suffer discrimination, and also retaliating against the Plaintiff by harassing him and eventually terminating his employment, the Defendant did violate the OADA.

50.     As a direct and proximate result of the Defendant's discriminatory acts and omissions, the Plaintiff has suffered compensable injuries under the OADA and its enumerated public policy under *Burk v. K-Mart Corp.*, 1989 OK 22,  770 P.2d 24.

8

51.     The Plaintiff sustained lost wages, loss employment-provided benefits, emotional distress, mental anguish, fear of the future, humiliation, and other compensable and pecuniary damages which are recoverable under the Oklahoma law.

52.     The Defendant's actions were intentional, willful, wanton and malicious, entitling the Plaintiff to recover punitive damages from the Defendant.

**WHEREFORE**, premises considered, the Plaintiff Victor Velazquez prays the Court for Judgment against the Defendant Helmerich & Payne International Drilling Co., and award him declaratory and injunctive relief, damages in excess of the amount required for diversity jurisdiction under Title 28, Section 1332 of the United States Code, in addition to back pay, front pay, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs, and any other remedies the Court deems just and equitable.

Respectfully submitted,

By: _____

BENJAMIN OXFORD, OBA #22259
HANS OTTO LEHR, OBA #30622
OXFORD LEHR, PLLC
9 East 4th Street, Suite 600
Tulsa, OK  74103
(918) 884-6016 - Telephone
(888) 424-7080 - Facsimile
ben@oxfordlehr.com
hans@oxfordlehr.com

-and-

TONY MARESHIE, OBA # 18180
E. ANTHONY MARESHIE, PLLC
P.O. Box 330161
Tulsa, Oklahoma 74133
tulsalegal@gmail.com
(918) 519-3771 - Telephone
(918) 970-6927 - Facsimile
*Counsel for Plaintiff*

9

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Victor A. Velazquez
7511 E 17th St
Tulsa, OK 74112

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2014-00981 | Tandi J. Dillard, Investigator | (405) 231-4317 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Tandi Dillard*      October 23, 2014

Holly Waldron Cole,
Area Office Director

*(Date Mailed)*

Enclosures(s)

cc:
Ms. Cathy Cheney Olaniyan
Assistant General Counsel
HELMERICH & PAYNE INC
1437 S. Boulder Ave.
Tulsa, OK 74119

Mr. Tony Mareshie
E. Anthony Mareshie, PLLC
P.O. Box 330161
Tulsa, OK 74133-0161

EXHIBIT
1



EXHIBIT
a